UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ZINNERMAN,<br><br>Plaintiff,<br><br>v.<br><br>CLENTON TAXDHAL, et al.,<br><br>Defendants. | Case No.  24-cv-00141-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

The Motion to Dismiss is granted. Ferris was appointed special administrator of Zinnerman's father's estate following his death. In this role, she reported to the court about the estate's assets and finances, including the fact that the property Zinnerman alleges was stolen had a mortgage in default. Because the estate could not pay the outstanding mortgage debt for this property, the probate court authorized its sale. The sale of the property and Ferris's reports on the estate appear to be the basis for Zinnerman's suit. But the Court lacks subject matter jurisdiction over Zinnerman's claims because they stem from actions taken to administer an estate in ongoing probate proceedings. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) ("The probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.").

Even if the probate exception did not apply, Zinnerman's suit would be barred by the *Rooker-Feldman* doctrine because he is essentially asking this Court to review the state court's decision authorizing sale of the estate's property. *See Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). Because amendment of the complaint would not fix this jurisdictional problem, the case is

dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: July 8, 2024

_____
VINCE CHHABRIA
United States District Judge